UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0262** |
| **ATP OIL & GAS CORPORATION, et al.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendant ATP Infrastructure Partners, LP's ("Infrastructure Partners") "Motion to Authorize Interlocutory Appeal,"[1] wherein Infrastructure Partners requests that the Court certify its July 1, 2013 Order for immediate appeal. The July 1, 2013 Order denied Infrastructure Partners' Motion to Dismiss.[2] After considering the pending motion, the memoranda in support, the memorandum in opposition, the July 1, 2013 Order, and the applicable law, the motion is denied.

Title 28, United States Code, Section 1292(b) allows for interlocutory appeals when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advanced the ultimate termination of the litigation."[3] The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual role of not permitting an appeal until all the proceedings on the trial court level are complete."[4] An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[5] The decision whether to grant such a request is

---

[1] Rec. Doc. 81.

[2] Rec. Doc. 53.

[3] 28 U.S.C. 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[4] 10 Charles Alan Wright et al., Fed. Prac. & Proc. § 2658.2 (3d ed.).

[5] *Clark-Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

within the sound discretion of the trial court.[6]

In its motion, Infrastructure Partners claims that substantial grounds for disagreement exist with respect to three issues: (1) whether the oil emissions at issue are "discharges" under the Clean Water Act;[7] (2) whether injunctive relief is permitted against a party not alleged to have violated provisions of the Clean Water Act or the Outer Continental Shelf Lands Act ("OCSLA");[8] and (3) whether the Government may join Infrastructure Partners as a defendant under Rule 19 absent a viable cause of action.[9]

In opposition to the motion, the Government asserts that an appeal would not "materially advance" the litigation because "there will still be a need for full discovery of all factual issues ATP-IP discusses in its motion as well as trial of the case against co-defendant ATP."[10] Further, the Government avers that there is no "substantial ground for difference of opinion" because "ATP-IP's arguments in support of both its motion to dismiss and its current motion are meritless."[11] Finally, the Government asserts that the issues Infrastructure Partners raises in the pending motion are not "controlling questions of law" because reversal "would not terminate the litigation."[12]

The Court finds that there are not substantial grounds for disagreement on these three issues, as would be necessary to warrant an interlocutory appeal. Although Infrastructure Partners avers that

---

[6] *Swint v. Chambers Cnty Com'n*, 514 U.s. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

[7] Rec. Doc. 81-1 at p. 9.

[8] *Id.* at p. 14.

[9] *Id.* at p. 16.

[10] Rec. Doc. 82, at p. 1.

[11] *Id.* at p. 2.

[12] *Id.*

this Court has construed "for the first time" limitations on liability for "discharges,"[13] the Court's reasoning was grounded in the express text of the statute at issue and fundamental principles of statutory interpretation.[14] Furthermore, in finding that the United States had stated a claim for injunctive relief against Infrastructure Partners, the Court relied on established precedent from the Supreme Court and the Fifth Circuit explaining the equitable powers of the district court.[15] Infrastructure Partners' third alleged ground for disagreement is misplaced, since this Court found that the Government had stated a claim against Infrastructure Partners.

Furthermore, the Court would note that 28 U.S.C. § 1292(b) contemplates an "immediate" appeal.[16] Far from being immediate, Infrastructure Partners' request was filed on November 18, 2013, approximately four and a half months after this Court's July 1, 2013 Order.[17]

As the Fifth Circuit has instructed, an interlocutory appeal is an exceptional remedy and "does not lie simply to determine the correctness of a judgment."[18] Accordingly,

**IT IS HEREBY ORDERED** that the motion is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  20th  day of December, 2013.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**

---

[13] *Id.* at p. 9.

[14] Rec. Doc. 53 at pp. 25–30.

[15] *See id.* at pp. 30-34.

[16] *Cf. Aparico v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. 1981) (noting that where a litigant obtains certification but fails to appeal within ten days, the litigant may again request certification but "the district court may take into account the litigant's failure to take advantage of the earlier certification order and may guard against delinquency by refusing to reenter the original order").

[17] Additionally, in November 2013, the parties agreed to stay these civil proceedings pending parallel criminal proceedings.

[18] *Clark-Dietz*, 702 F.2d at 68.